UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

MICHAEL PRESTA,

CASE NO.: 3:09-bk-1222-JAF

Chapter 7

Debtor.
_____/

MICHAEL PRESTA,

Plaintiff,

v.                                                          Adversary No.: 3:13-ap-128-JAF

CHARLES SCHWAB BANK, N.A.,

Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This proceeding came before the Court upon a complaint seeking to value the interest and any claim of Defendant at $0 and to strip off Defendant's lien by virtue of its second mortgage on Plaintiff's property and to treat Defendant as an unsecured creditor. The Court conducted a trial on the matter on January 24, 2014. In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

In March of 2001, Plaintiff purchased property located at 1529 Austin Lane, St. Augustine, Florida (the "Property"). Plaintiff owns the Property jointly with his former wife, Heidi Presta. Plaintiff and Heidi Presta (collectively, "Debtors") filed a Chapter 7 bankruptcy petition on February 24, 2009 (the "Petition Date"). In their bankruptcy

schedules, Debtors listed the value of the Property as $254,000.00. (Pl.'s Ex. 1). Debtors' schedules indicate the Property was encumbered by secured claims in the amount of $267,206.00, comprised of a first mortgage on the Property in the amount of $187,672.00 held by Mortgage Service Center and a second mortgage on the Property in the amount of $79,534.00 held by Defendant. (Id.) At the time of their bankruptcy filing, Debtors were current on the first mortgage but not on the second mortgage. Debtors indicated on their Statement of Intention that they intended to retain the Property and reaffirm the debt as to Mortgage Service Center and Defendant. (Pl.'s Ex. 1). Debtors did not reaffirm the debt as to Defendant. On June 19, 2009, Debtors received a discharge. On December 29, 2010, the case was closed.

On September 7, 2012, PHH, assignee of the first mortgage, filed a foreclosure proceeding as to the Property. (Pl.'s Ex. 3). On October 2, 2012, Plaintiff filed an answer in the foreclosure action stating that there was a contract on the Property, that the first mortgagee had approved the short sale offer, and that he was only awaiting [Defendant]'s approval of the short sale.

On February 1, 2013, Plaintiff filed a Motion to Reopen Case, which the Court granted on February 13, 2013. On March 18, 2013, Plaintiff filed this adversary proceeding.

Plaintiff testified that he filed an answer in the foreclosure action because he wanted to short sale the Property rather than have the Property foreclosed upon. Plaintiff testified that he wanted to avoid a foreclosure because it would embarrass him and because short sales are more common. Plaintiff testified that he has received several

offers to purchase the Property but is unable to sell the Property because Defendant has rejected the offers.

Plaintiff read from and offered Debtors' schedules as proof that the payoff amount of the first mortgage on the Petition Date was $187,672.00. Plaintiff offered no other evidence as to the payoff amount of the first mortgage on the Petition Date.

On July 12, 2013, Plaintiff's appraiser prepared an appraisal of the Property and valued it at $184,000.00 as of the Petiton Date. Defendant's appraiser prepared a report based upon a review of Plaintiff's appraisal and valued the Property at $235,000.00 as of the Petition Date.

## Conclusions of Law

Section 506 of the Bankruptcy Code permits a Chapter 7 debtor to strip off a wholly unsecured junior mortgage lien. McNeal v. GMAC Mortgage, LLC (In re McNeal), 735 F.3d 1263, 1265 (11th Cir. 2012). Section 506 provides in pertinent part as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

11 U.S.C. § 506. A debtor seeking to strip off a wholly unsecured junior mortgage lien must prove that the value of the property sought to be stripped off is worth less than the amount of the senior lien at the time the petition is filed. Accordingly, Plaintiff must prove the value of the Property and the amount owed to the first mortgagee as of the Petition Date.

### Plaintiff Failed to Prove the Payoff Amount of the First Mortgage on the Petition Date

Rule 801(c) of the Federal Rules of Evidence[1] provides that "hearsay" is an out of court statement offered to prove the truth of the matter asserted. Rule 802 provides that hearsay is not admissible. Consistent with the hearsay rule, statements contained in bankruptcy schedules are inadmissible. See e.g. Leslie v. Leslie, 181 B.R. 317, 322 (Bankr. N.D. Ohio 1995)(noting that "the actual truth of the [hearsay] assertions contained in a Debtor's bankruptcy schedules cannot be readily ascertained and such assertions are not the proper subject of judicial notice"); Allred v. Irvine-Hedrick (In re Irvine-Hedrick), Adv. No. 12-5006, 2012 WL 5728625 at *2, n.7 (Bankr. D.S.D. Nov. 15, 2012)("If offered for the truth of the matter asserted, Debtor's statements-whether in her bankruptcy schedules or elsewhere ... are hearsay and are not admissible."). Plaintiff read from and offered Debtors' bankruptcy schedules as proof that the payoff amount on the first mortgage on the Petition Date was $187,672.00 but did not produce evidence that he had personal knowledge of that amount. Plaintiff's testimony and the exhibit are hearsay to which no exclusion or exception applies, and the Court will not consider them for the purpose of determining the payoff amount of the first mortgage. Because Plaintiff offered no admissible evidence as to the payoff amount of the first mortgage, he failed to establish a necessary element of this action and the Court could dismiss it on this basis alone.

---

[1] Bankruptcy Rule 9017 provides that the Federal Rules of Evidence apply in bankruptcy cases.

### **Plaintiff Failed to Establish a Property Value Less than the Amount of the First Mortgage on the Petition Date**

#### Plaintiff is Judicially Estopped from Asserting a Property Value Different from What is Stated in his Schedules

Even if Plaintiff had established that the payoff amount on the first mortgage on the Petition Date was $187,672.00, the Court finds that he failed to establish the Property is worth less than that amount. "The success of our bankruptcy laws requires a debtor's full and honest disclosure." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002). "Judicial estoppel is applied to the calculated assertion of divergent sworn positions [and] is designed to prevent parties from making a mockery of justice by inconsistent pleadings." Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp., 710 F.2d 1528, 1536 (11th Cir. 1983). "[J]udicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." Burnes, 291 F.3d at 1286 (citing Am. Nat'l, 710 F.2d at 1536). The Court finds that judicial estoppel applies in the instant case. On his bankruptcy schedules, which he signed under oath, Plaintiff valued the Property at $254,000.00.[2] At that time, Plaintiff had no reason to inflate the value of the Property. Five years later and armed with an obvious motive, Plaintiff seeks to value the Property at an amount that is more than $60,000.00 less than what he valued it at in his schedules. The Court finds that such conduct amounts to intentional manipulation and would "mak[e] a mockery of justice." Am. Nat'l, 710 F.2d at 1536. Accordingly, Plaintiff is judicially estopped from now asserting that the Property should be valued at a an amount less than $254,000.00.

---

[2] Rule 801(d)(2) provides that an admission by a party opponent, a party's statement which is offered against him, is not hearsay.

5

### The Property Value Exceeded $187,672.00 on the Petition Date

The Court finds it unnecessary to engage in an exhaustive analysis of Plaintiff's expert's appraisal and Defendant's expert's report, which respectively value the Property at $184,000.00 and $235,000.00. That having been said, even if the Court had found that: 1) the amount owed on the Property at the time of the Petition Date was $187,672.00 and 2) Debtor was not judicially estopped from claiming the Property was worth less than $254,000.00, the Court would have found that the value of the Property exceeded $187,672.00 on the Petition Date. Accordingly, Defendant's lien is not subject to strip off.

### Conclusion

Plaintiff failed to prove the payoff amount of the first mortgage on the Property on the Petition Date and thus failed to establish a necessary element of this action. Plaintiff is judicially estopped from asserting a property value different from that stated in his schedules. Even if judicial estoppel did not apply, the Court finds that the value of the Property exceeded the amount, which Plaintiff asserts was owed on the first mortgage on the Property on the Petition Date. The Court will enter a separate judgment consistent with these Findings of Fact and Conclusions of Law.

**DATED** this 28 day of May, 2014 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge